United States District Court
Southern District of Texas

**ENTERED**
May 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LEONEL ESTIU RODRIGUEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-405 |
| | § | |
| MIGUEL VERGARA *et al.* | § | |

## ORDER

Before the Court is Petitioner's Motion for Leave to File Response to Order to Show Cause Out of Time and Response to Order to Show Cause (Dkt. No. 6). Petitioner alleges he untimely responded to the Court's order due to an inadvertent calendaring mishap (Dkt. No. 6 at 2). As to his initial failure to name the Warden as a respondent, Petitioner claims he "understood the gravamen of this case to be a challenge to the immigration detention decision and bond/hearing process," which Federal Respondents ultimately control (Dkt. No. 6 at 4). To cure his deficiency, Petitioner seeks leave of Court to file an amended petition naming the "Warden of Webb County Detention Center" as a respondent (*see* Dkt. No. 6 at 7–8).

While the Court expects Petitioner's counsel to calendar deadlines more carefully in the future, it is satisfied that his failure to timely comply with its Order was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Accordingly, the Court **GRANTS** Petitioner's Motion for Leave to File Response to Order to Show Cause Out of Time (Dkt. No. 6).

Regarding his omission of his immediate custodian, "[t]he failure to name the proper respondent . . . is 'a mere procedural defect' which can be corrected by amendment of the petition." *Nguyen v. Bondi*, No. EP-25-CV-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025) (quoting *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005)). "Federal habeas petitions 'may be amended . . . as provided in the rules of procedure

1

applicable to civil actions.'" *Flores v. Stephens*, 794 F.3d 494, 504 (5th Cir. 2015) (quoting 28 U.S.C. § 2242); Fed. R. Civ. P. 81(a)(4). Federal Rule of Civil Procedure 15(a)(2)'s liberal standard demands that amendments be freely granted "when justice so requires." Here, justice requires that Petitioner be allowed to amend his writ and conform to the immediate custodian rule. *See Torres Medrano v. Noem*, No. 3:25-CV-3495-E-BN, 2025 WL 3706952, at *1 (N.D. Tex. Dec. 22, 2025) (quoting *Aguilar v. Johnson*, No. 3:25- CV-1904-K-BN, 2025 WL 2099201, at *1 (N.D. Tex. July 25, 2025)) ("[T]he immediate-custodian rule is alive and well."). Finally, because Respondents have not yet appeared in this action, there is no conceivable prejudice in allowing Petitioner to amend his writ.

Therefore, the Court **GRANTS** Petitioner's motion for leave to file an amended petition (Dkt. No. 6). Petitioner must file his amended petition no later than **May 8, 2026**.

It is so **ORDERED**.

**SIGNED** May 1, 2026.

Marina Garcia Marmolejo
United States District Judge

2